## Bricklayers' Local No. 1 of Pennsylvania Welfare Fund

*Louis H. Wilderman, Edward H. Cushman* and *Herman J. Obert,* for petitioners.

*J. Charles Short,* for objectors.

HAGAN, J., December 27, 1957.—The matter now before us was instituted by a petition filed by the trustees under a declaration of trust for Bricklayers' Local No. 1 of Pennsylvania Welfare Fund for leave to purchase certain real estate. Objections were raised by various union members, the beneficiaries of the trust fund, questioning (a) the propriety of the expenditure in question and (b) the jurisdiction of a State court to hear the matter.

The trust fund in question was created under the provisions of section 302 of the Federal Labor Management Relations Act of 1947, 61 Stat. at L. 157, 29 U. S. C. §186. Section 302 makes it unlawful for an employer to pay anything of value to a representative of his employes who are in an industry affecting interstate commerce, or for such a representative to accept anything of value, with certain named exceptions. One of these exceptions, under section 302(c)(5), is money paid to a trust fund established by such a representative "for the sole and exclusive benefit of the employes." This section also provides that such payments

must be held in trust for specific purposes spelled out in the section, that the detailed basis upon which such payments are to be made must be specified in a written agreement, that the employer and employes must be equally represented in the administration of the fund, that, where the employer and employes are in disagreement and cannot agree on neutral persons to arbitrate, "an impartial umpire to decide such dispute shall, on petition of either group, be appointed by the district court of the United States for the district where the trust fund has its principal office", that the trust agreement shall contain provisions for an annual audit of the fund, available for inspection by interested persons and that any trust fund created under the provisions of section 302 shall provide that "the funds held therein cannot be used for any purpose other than paying such pensions or annuities."

Section 302 (*d*) of the act makes a violation of any of the provisions of the section a crime punishable in the Federal courts.

Section 302 (*e*) provides that: "The district courts of the United States . . . shall have jurisdiction, for cause shown, . . . to restrain violations of this section . . ."

Objectors have argued that section 302, and particularly section 302 (*e*), vests exclusive jurisdiction over the subject matter here involved in the Federal district courts. Petitioners, on the other hand, contend that section 302 does not give the Federal courts exclusive jurisdiction over questions concerning trust funds created under that section of the Labor Management Relations Act of 1947, but rather gives the Federal courts concurrent jurisdiction with State courts. It is petitioners' position that the Federal courts have jurisdiction under section 302 to prevent violations of the provisions of that section, and that State

courts have jurisdiction to govern the internal operations of a trust fund created under section 302. Petitioners further contend that what we are here concerned with is the internal operation of the trust fund in question and not a violation of section 302, and that, accordingly, the State courts do have jurisdiction of the subject matter here involved.

Before discussing the question of whether jurisdiction over the subject matter of this litigation is vested exclusively in the Federal courts, exclusively in the State courts or whether the jurisdiction of the State and Federal courts is concurrent, we shall first note that if the courts of this Commonwealth have jurisdiction over the subject matter, the action was properly commenced in the common pleas court of this county rather than the orphans' court, which normally has jurisdiction over inter vivos trusts. This is by reason of the Act of June 16, 1836, P. L. 784, sec. 13; 17 PS §282, which vests general supervisory powers over trust funds in the Common Pleas Courts of Philadelphia County, and the Orphans' Court Act of August 10, 1951, P. L. 1163 art. 1, sec. 102, as amended, 20 PS §2080.102(6)(xi), which excludes from the jurisdiction over trust funds, otherwise vested in the orphans' court, inter vivos trusts "primarily for the benefit of business employes . . . under a pension . . . plan."

Proceeding to the matter of the respective jurisdiction of State and Federal courts under section 302, the first question is whether or not a violation of section 302 is here involved. There is no doubt that certain moneys have been entrusted by employers to representatives of employes who are in an industry affecting interstate commerce, and that such payments are in violation of section 302 of the Labor Management Relations Act of 1947 unless they are in accordance with one of the exceptions spelled out in that section. Under

that section such funds must be held *"for the sole and exclusive benefit of the employes"*, and they *"cannot be used for any purpose other than paying such benefits or annuities."* Objectors have raised the questions of whether the funds here involved are to be expended for the sole and exclusive benefit of the employes and whether they are to be used for a purpose other than paying pensions. It would seem clear, therefore, that the present litigation does concern itself with the question of whether or not section 302 is being violated. This being so, the Federal courts have jurisdiction, and it is of no moment that the present litigation was instituted by the petition of the trustees for leave to expend trust funds rather than by a bill in equity on behalf of the beneficiaries of the trust fund to restrain such an expenditure. In a matter of such vital importance as a union welfare fund a court will look to the merits rather than to the form of the action.

Having decided that a violation of section 302 is involved and that the Federal courts have jurisdiction, the next question is whether that jurisdiction is exclusive or concurrent with the State courts. Petitioners apparently concede that if a violation of section 302 is involved, the jurisdiction of the Federal courts is exclusive, and their position is that such a violation is not involved. We shall, however, discuss the question of the extent of the Federal courts' jurisdiction so that the basis of our decision may be clear.

The general rule of law is that the grant of jurisdiction to a Federal court does not of itself imply that the jurisdiction is meant to be exclusive: United States v. Bank of New York & Trust Co., 296 U. S. 463. See also 21 C. J. S. "Courts," sec. 526. The question for determination, therefore, is whether section 302 of the Labor Management Relations Act of 1947, read in its entirety, insofar as it relates to welfare trust

funds, indicates that the Federal courts were intended to have exclusive jurisdiction, or whether the jurisdiction of the Federal courts was intended to be concurrent with that of the State courts.

As we read section 302, it seems clear that it was intended to vest a general equitable jurisdiction in Federal courts over the administration of trust funds created under the provisions of that section. This intention was manifested by specifically providing that where the trustees are deadlocked, an impartial umpire is to be appointed by the Federal district court in the district where the principal office of the trust fund is located, and by making a violation of any provision of section 302 a Federal offense punishable in a Federal court. Furthermore, this intention was manifested in section 302 by spelling out at some length certain substantive provisions concerning the administration of trust funds created under the section. Thus, the purposes for which payments may be made out of such a trust fund are set forth and the detailed basis upon which such payments are to be made must be specified in a written agreement; the employer and employes must be equally represented in the administration of the fund; provision for arbitration in a Federal court is provided; the trust agreement must contain provisions for an annual audit of the fund, available for inspection by interested persons, and such funds cannot be used for any purpose other than paying pensions or annuities to employes.

If some aspects of the administration of trust funds created under section 302 are to be within the jurisdiction of Federal courts and some within the jurisdiction of State courts, or if jurisdiction is to be entirely concurrent, depending upon the court in which a particular matter is instituted, it is clear that grave difficulties will arise in the administration of trust funds created under section 302. As we read section

302, we do not believe that Congress intended such a result.

Our conclusion is supported by the case of Copra v. Suro, 236 F. 2d 107. There the court expressed a belief that "Congress intended in section 302(e) to create a broad equity jurisdiction that would not only authorize the district courts to forbid the making of payments in violation of section 302(a) and (b), but that would also authorize them to exercise a more general equity power over the welfare funds whose life in effect depends on the permissive exception of section 302(c) (5)". The court did not there expressly so decide, however, because it was not necessary to a decision of the case.

Further support for our conclusion is found in the very recent case of Textile Workers Union v. Lincoln Mills of Alabama, 353 U. S. 448. There section 301 of the Labor Management Relations Act of 1947, 29 U. S. C. §185 (the section of the act preceding the one here in question) was involved. Section 301 provides:

"(a) Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

"(b) Any labor organization which represents employees in an industry affecting commerce as defined in this chapter and any employer whose activities affect commerce as defined in this chapter shall be bound by the acts of its agents. Any such labor organization may sue or be sued as an entity and in behalf of the employees whom it represents in the courts of the United States. Any money judgment against a labor organization in a district court of the

United States shall be enforceable only against the organization as an entity and against its assets, and shall not be enforceable against any individual member or his assets."

The Supreme Court stated, at page 456, in language which is particularly appropriate to the instant case:

". . . We conclude that the substantive law to apply in suits under §301(a) is federal law, which the courts must fashion from the policy of our national labor laws. See Mendelsohn, Enforceability of Arbitration Agreements Under Taft-Hartley Section 301, 66 Yale L. J. 167. The Labor Management Relations Act expressly furnishes some substantive law. It points out what the parties may or may not do in certain situations. Other problems will lie in the penumbra of express statutory mandates. Some will lack express statutory sanction but will be solved by looking at the policy of the legislation and fashioning a remedy that will effectuate that policy. The range of judicial inventiveness will be determined by the nature of the problem. See Board of Commissioners v. United States, 308 U. S. 343, 351. Federal interpretation of the federal law will govern, not state law. Cf. Jerome v. United States, 318 U. S. 101, 104. But state law, if compatible with the purpose of §301, may be resorted to in order to find the rule that will best effectuate the federal policy. See Board of Commissioners v. United States, supra, at 351-352. Any state law applied, however, will be absorbed as federal law and will not be an independent source of private rights."

Petitioners have relied upon Geron v. Kennedy, 381 Pa. 97, and Forrish v. Kennedy, 377 Pa. 370, to support their contention that this court has jurisdiction over the subject matter involved in the present litigation. In neither of these cases, however, was the question of jurisdiction discussed by the court. Furthermore, these cases are distinguishable from the instant

case in that both were actions against the trustees of a union welfare fund by persons claiming to be entitled to payments from the fund. Although brought in equity, because a trust fund was involved, basically the claims sounded in assumpsit.

For the foregoing reasons we hold that exclusive jurisdiction over the subject matter presented by the petition which is now before us and the objections thereto is in the Federal district courts, and accordingly, the petition is hereby dismissed for want of jurisdiction.